Lead erick, J.,
delivered the opinion of the court.
The question in this case arises upon exceptions to the master’s report.
E. R. Cook died in 1862, and W. L. Cook administered upon his estate in 1863, in Weakley county.
In October, 1869, Pryor filed his bill in the Chancery Court of Weakley county, setting up claims against the estate of said E. R. Cook, and praying to have the estate settled in the Chancery Court, al- ■ leging that it was being administered, upon petition of the administrator, in the County Court, as an insolvent estate. Thereupon complainant I). C. Cook, by his petition filed November, 1869, was allowed to become a plaintiff, setting up a certain claim for $290, and for $500. He sets up other and additional claims as a creditor of said estate.
In the progress of the cause the master was directed to take an account, amongst other things, of the outstanding debts against the estate, and to report thereon. The report was made of the said claims of D. C. Cook as valid and subsisting, to which the administrator excepted, amongst other reasons, because the claims were barred by the statute of limitations of two years. It is manifest that the claims are thus barred, unless the statute was suspended by the request of the administrator for delay.
J. W. Cook testified that the administrator said to *466 him and D. C. Cook, to be patient until he got shut of a big law suit he was engaged in, and then he would go ahead and ' pay off all little claims properly proven, and his and D. C. Cook’s claims were considered little claims. Pryor testifies to a similar conversation with W. D. Cook, but not in relation to D. C. Cook’s claim. "While D. C. Cook states that the administrator told him that as soon as he got the estate clear of the debts for which he was bound for J. J. Cook, he was ready to pay all of E. K. Cook’s indebtedness.
The request for delay must stipulate for a definite time of indulgence, in order to suspend the operation of the statute. 9 Yer., 433; 2 Hum., 665.
The burden of proof of the facts essential to remove the bar of the statute, which prima facie exists upon the lapse of time, is upon the party insisting upon its suspension. When it is sought to charge the administrator for the payment of just debts barred by the statute of limitations, he is not held to such strict proof that the request for delay was within the provision of the statute, as the creditor seeking to recover his debt, would be required to make. 2 Hum., 668.
Yet assuming that the facts proved amount to a request for delay for a specific or definite time, it is not shown that the creditors made their demand within two years after the expiration of the delay granted.
The Chancellor sustained the exceptions and disallowed the claims, and we think his decree was correct, and affirm it.